FILED

2007 SEP 28  PM 12: 26

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. BECKNER, Inmate Booking #7702015,<br><br>         Plaintiff,<br><br>vs.<br><br>EL CAJON POLICE DEP'T, et al.,<br><br>         Defendant. | Civil No.   07-0509 W (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR DEFAULT [Doc. No. 16]; and**<br><br>**(2) DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(e) [Doc. No. 15]** |

  This matter comes before the Court upon Plaintiff's Motion for Default Judgment and Defendants' Motion for More Definite Statement pursuant to FED.R.CIV.P. 12(e) [Doc. Nos. 15 and 16]. Neither party has filed an Opposition to either motion. The matter was set for hearing without oral argument and submitted on the papers for disposition pursuant to Local Rule 7.1.d.2.

**I. Procedural History**

  On March 13, 2007, Plaintiff, an inmate currently incarcerated at George Bailey Detention Facility brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff filed a First Amended Complaint as a matter of right pursuant to FED.R.CIV.P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.") The

Court conducted a sua sponte screening pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff's First Amended Complaint survived the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* June 7, 2007 Order at 4. Accordingly, the Court found that Plaintiff was automatically entitled to U.S. Marshal service on his behalf. *Id.* (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)).

## II. Plaintiff's Motion for Default Judgment [Doc. No. 16]

Plaintiff moves for default judgment because he contends that Defendants failed to timely respond to Plaintiff's First Amended Complaint. On June 29, 2007, the U.S. Marshal filed a "Process Receipt and Return" indicating that every named Defendant had been served with the Summons and First Amended Complaint on June 26, 2007 [Doc. Nos. 9-14]. Pursuant to FED.R.CIV.P. 12(a), these Defendants are not required to serve an answer or responsive pleading to Plaintiff's First Amended Complaint until twenty (20) days after June 26, 2007. Defendants filed their Motion for More Definite Statement pursuant to FED.R.CIV.P. 12(e) on July 16, 2007 which is timely. Thus, Plaintiff's Motion for Default Judgment is **DENIED**.

## III. Motion for a More Definite Statement per FED.R.CIV.P. 12(e)

Defendants move for a more definite statement of Plaintiff's claims pursuant to FED.R.CIV.P. 12(e). Defendants claim a more definite statement of Plaintiff's claims is required because, among other things, "Plaintiff's complaint is entirely unclear as to what acts plaintiff is alleging violated which constitutional rights against which defendant." *See* Defs.' Mot. at 4.[1]

### A. Standard of Review

A Rule 12(e) motion for a more definite statement is proper when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e). However, a motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) (a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"). *See Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more

---

[1] Defendants' Motion refers to Plaintiff's "Complaint." However, the Court presumes that Defendants are seeking a motion for more definite statement as to Plaintiff's First Amended Complaint, not his original filing which is no longer the operative pleading.

definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules."); *see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) ("A motion for a more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail.") (citation omitted). Thus, a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading. *Boxall v. Sequoia Union High School Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

### B.     Analysis

Defendants argue that "in an effort to eliminate non-meritorious claims at the pleading stage and to protect public officials and municipalities from protracted litigation involving specious claims, the courts, including the Ninth Circuit, have tightened the application of Rule 8 when applied" to § 1983 cases. Defs.' Mot. at 3 (citations omitted.) This is not the current state of the law. Rather than cite to decisions by District Court from more than forty years ago, Defendants should have addressed more recent decisions by the United States Supreme Court in which they have reversed courts of appeals for imposing a heightened pleading standard in § 1983 cases against municipalities. *See Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 919 (2007) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993) ("Perhaps if [the Rules . . . were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement . . . But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation."))

Moreover, Defendants also fail to address the well established rule that allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The Court was mindful of this

obligation when it screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* June 7, 2007 Order at 4.

The Court finds that Plaintiff's First Amended Complaint, while not a model of clarity, is more than sufficiently pleaded to put Defendants on notice of the claims against them, that it complies with Rule 8(a), and that it is not so "vague or ambiguous" that Defendants cannot respond. *See* FED.R.CIV.P. 12(e). Accordingly, Defendants' Motion for a More Definite Statement pursuant to FED.R.CIV.P. 12(e) is DENIED.

## IV. Conclusion and Order

For all the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) Plaintiff'S Motion for Default Judgment [Doc. No. 16-1] is **DENIED**;

(2) Defendants' Motion for a More Definite Statement pursuant to FED.R.CIV.P. 12(e) [Doc. No. 15-1] is **DENIED**; and

(3) Defendants shall file and serve their Answer to Plaintiff's First Amended Complaint within ten (10) days of the date this Order is "Filed" pursuant to FED.R.CIV.P. 12(a)(4)(A).

DATED: 9/27/07

HON. THOMAS J. WHELAN
United States District Judge