UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BECKNER,<br><br>        Plaintiff,<br>v.<br><br>EL CAJON POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 07cv509-W (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 52] |

On April 10, 2008, Plaintiff in the above matter moved this Court to appoint counsel. Doc. No. 52. This is his third such request. Doc. Nos. 5 & 19. In support of the instant motion, he cites the complexity of the case and his lack of legal knowledge. Id. For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. Id. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." See Agyeman v.

1 Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). A
2 finding of exceptional circumstances demands at least "an evaluation of
3 the likelihood of the plaintiff's success on the merits and an
4 evaluation of the plaintiff's ability to articulate his claims 'in light
5 of the complexity of the legal issues involved.'" Id. (quoting Wilborn
6 v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

7    Thus far, Plaintiff has drafted and submitted numerous pleadings
8 and motions without the assistance of counsel. Among other documents,
9 he has submitted a complaint, Doc. No. 1, three motions to appoint
10 counsel, Doc. Nos. 5, 19 & 52, a motion for default judgment, Doc. No.
11 16, two responses in opposition to Defendants' motions, Doc. Nos. 24 &
12 28, a motion for extension of time to file, Doc. No. 40, and a motion to
13 produce, Doc. No. 50.

14    From the Court's review of these documents, it is clear that
15 Plaintiff is able to articulate the claims of his case. Further,
16 Plaintiff does not demonstrate a likelihood of success on the merits
17 such that his case should be classified as an "exceptional
18 circumstance." Agyeman, 390 F.3d at 1103; see also Wilborn v.
19 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff's request
20 for appointment of counsel is therefore **DENIED**.

21    **IT IS SO ORDERED.**

22 DATED:  April 15, 2008

23

24                                   BARBARA L. MAJOR
                                     United States Magistrate Judge
25

   COPY TO:
26

   HONORABLE THOMAS J. WHELAN
27 U.S. DISTRICT JUDGE

28 ALL COUNSEL