UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BECKNER, | Case No. 07cv509-W (BLM) |
| Plaintiff, | **ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| EL CAJON POLICE DEPARTMENT, et al., | [Doc. No. 58] |
| Defendants. | |

On April 29, 2008, Plaintiff in the above matter filed a supplemental complaint, which the Court construes as a motion for leave to file second amended complaint.[1]  Doc. No. 58 ("Motion").  The Court issued a briefing schedule, set a hearing date for May 23, 2008, and took the motion under submission.  Doc. No. 59.  Based on a review of

---

[1] Doc. No. 58 is titled "Supplemental Complaint."  However, supplemental complaints are only appropriate when a party complains of a "transaction, occurrence, or event that happened *after the date of the pleading to be supplemented* ."  Fed. R. Civ. P. 15(d) (emphasis added).  Here, Plaintiff filed a complaint in March 2007, and a first amended complaint in April 2007.  Doc. Nos. 1 & 3.  Both of these concern Defendants' alleged wrongdoing during a January 2007 arrest.  Id.  Doc. No. 58 does not describe events occurring after the previous complaints were filed; rather, it attempts to add claims based on the same arrest.  The Court therefore construes Doc. No. 58 as a motion for leave to file a second amended complaint.  See U.S. ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1073 (9th Cir. 1989) (court may construe pleadings based on substance rather than title, and whether pleading is labeled "supplemental pleading" rather than "amended complaint" is "immaterial").

Plaintiff's motion, Defendant's Response (Doc. No. 61), and the record as a whole, the Court **DENIES** the Motion for the following reasons.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2007, El Cajon Police Officers Jacob Cutting, Sean Webb, T. Mandsur, and Ehler (full names unknown) responded to a call reporting an individual who had attempted to cash a stolen check. Doc. No. 50 at 3-10 (police reports). When the officers arrived at the store, Plaintiff, who matched the description of the suspect, fled. Id. The officers pursued and tackled Plaintiff. Id. Plaintiff struggled against the officers and, as they were attempting to handcuff and subdue him, the officers dislocated Plaintiff's elbow, injured his nose, and caused cuts, scrapes and an allegedly broken thumb. Id. at 11-13 (medical reports); First Amended Complaint ("FAC") at 8.[2] After handcuffing Plaintiff, the officers called the paramedics, who confirmed that Plaintiff's elbow was broken. Id. at 4, 8; FAC at 8. Plaintiff subsequently was taken to the police station for processing, and then to the hospital for his injuries. Id. at 8; FAC at 8.

On September 10, 2007, Plaintiff pled guilty in San Diego Superior Court to commercial burglary and resisting arrest, in violation of California Penal Code §§ 69 & 470. Doc. No. 21-2. While incarcerated, Plaintiff sued the officers involved in his arrest and the City of El Cajon. FAC. Plaintiff alleges that defendant officers "brutally beat" him and subsequently denied him proper, and sufficiently prompt, health care, in violation of the Constitution, civil rights statutes, and laws of tort. Id. Plaintiff also claims that the officers and City of El Cajon have adopted "the custom and policy of denying individuals in

---

[2] The district judge dismissed without prejudice Plaintiff's original complaint for failure to pay the filing fee. Doc. Nos. 1 & 2. The currently operative claims are thus contained in Plaintiff's First Amended Complaint. Doc. No. 3.

their care proper medical attention." Id. at 4.  Defendants raise a number of affirmative defenses, including Plaintiff's contributory negligence, and Defendants' qualified and absolute immunity based on their good-faith actions and status as government actors.  Answer at 2-4.

In December 2007, the district judge partially granted Defendants' motion to dismiss Plaintiff's FAC.  Doc. No. 29.  Defendants answered the remaining claims in January 2008.  Answer.  Plaintiff filed the instant motion on April 29, 2008.  Motion.

## DISCUSSION

Per this Court's scheduling order, Plaintiff was required to file any motion to amend the pleadings by March 17, 2008.  Doc. No. 32.  Plaintiff filed the instant motion on April 29, 2008, almost six weeks after the deadline.  Motion.  Because he moved to amend after the deadline for doing so had passed, this Court will only grant his motion upon a showing of "good cause."  Fed. R. Civ. P. 16(b)(4); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (Rule 16 "good cause" standard applies if motion to amend filed after deadline set in scheduling order); Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 609.[3]  Plaintiff fails to demonstrate good cause, or even argue that it exists.

When assessing whether good cause exists to grant leave to amend, the court "primarily considers the diligence of the party seeking the amendment."  Coleman, 232 F.3d at 1294 (quoting Johnson, 975 F.2d at 609).  And, "[i]f the party was not diligent, the inquiry should end."  Johnson, 975 F.2d at 609.

---

[3] Defendants argue that Plaintiff's motion to amend should be judged by Rule 15(a)(2), which states that "a court should freely give leave [to amend] when justice so requires."  However, as discussed above, the proper standard is that of "good cause," as articulated in Rule 16(b)(4).  Fed. R. Civ. P. 16(b)(4); Coleman, 232 F.3d at 1294-95; Johnson, 975 F.2d at 609.

1      Plaintiff makes no showing of diligence. The proposed second
2 amended complaint contains two claims against two new defendants.
3 Motion. The first claim alleges that the San Diego Sheriff's Department
4 inflicted cruel and unusual punishment when it injured Plaintiff during
5 the course of the arrest and subsequently denied him proper and
6 sufficiently prompt medical care. Id. The second claim contends that
7 the San Diego Superior Court violated Plaintiff's constitutional right
8 to a speedy trial. Id. Both of these claims are predicated upon facts
9 that occurred in January 2007, and of which Plaintiff was aware when he
10 filed his original complaint. Doc. No. 1. In fact, the first proposed
11 claim contains allegations identical to those listed in the complaint.
12 Id.; Motion.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    Further, Plaintiff already amended his pleadings once, when he
2 filed the FAC. The two claims he hopes to introduce now, more than one
3 year after he filed the FAC, were available to him at that time.
4 Plaintiff does not show that he was unable to make these claims at that
5 time, nor does he argue that this Court's scheduling order could not
6 "reasonably [have been] met despite the diligence of the party seeking
7 the extension." <u>Johnson</u>, 975 F.2d at 609 (citation omitted). Rather,
8 he offers no evidence of diligence whatsoever. <u>See</u> <u>id.</u> ("carelessness
9 is not compatible with a finding of diligence and offers no reason for
10 a grant of relief"). Absent a showing of diligence, "the inquiry should
11 end." <u>Id.</u>   Plaintiff's motion for leave to file a second amended
12 complaint is therefore **DENIED.**

13    **IT IS SO ORDERED.**

15 DATED: <u>June 2, 2008</u>

17                              BARBARA L. MAJOR
                                United States Magistrate Judge

20 COPY TO:

21 HONORABLE THOMAS J. WHELAN
   U.S. DISTRICT JUDGE

22 ALL COUNSEL